IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANNY R. JONES,                          )
                                         )
        Plaintiff,                       )
                                         )        NO. 3:15-cv-01006
v.                                       )        JUDGE RICHARDSON
                                         )
THOMAS J. VILSACK, Secretary, United     )
States Department of Agriculture,        )
                                         )
        Defendant.                       )

## ORDER AND MEMORANDUM OPINION

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 121) and Objections filed by Plaintiff. (Docket No. 124). Defendant has not filed a response to the Objections.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Plaintiff are overruled in part, and the Report and Recommendation is adopted and approved in part and rejected in part. As recommended by the Report & Recommendation, but to some extent for different reasons, the Court will grant Defendant's Motion for Summary Judgment (Doc. No. 98, "Motion"), and this action will be dismissed.

## BACKGROUND

Plaintiff was employed by the National Resources Conservation Service ("NRCS") of the United States Department of Agriculture ("USDA") in its Murfreesboro office and then in its Nashville office. He filed this action *pro se* against Defendant, alleging violations of 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and 29 U.S.C. §§ 791, *et seq.* ("Rehabilitation Act"). Specifically, the Amended Complaint alleges that Defendant subjected Plaintiff to "retaliatory discrimination based on my race, disability, and for engaging in protected EEO activities." (Doc. No. 51 at 1).[1]

Over a number of years (many years ago), Plaintiff filed four successive EEOC complaints related to various claims against the NRCS that are addressed in the Report and Recommendation. It is clear from reviewing the parties' filings that Plaintiff is no stranger to the EEOC process, having filed numerous complaints and other lawsuits related to his employment with the NRCS.

Defendant filed the Motion, supported by Statements of Undisputed Fact in Support of Summary Judgment ("Rule 56.01 statement") and a memorandum of law (Doc. No. 104). Opposing the Motion, Plaintiff filed a brief in opposition to the Motion (Doc. No. 107) as well as

---

[1] By way of background, the Court notes that Plaintiff was accused by a co-worker, Lori Pittman, of sexual harassment in 2005. Plaintiff denied Pittman's allegations, and an internal investigation by NRCS was inconclusive, so no disciplinary action was taken against Plaintiff. (Doc. No. 106 at ¶¶ 4-8). Nevertheless, Plaintiff filed an EEOC Complaint of Discrimination related to this investigation and also sued Defendant and Pittman in the Rutherford County General Sessions Court for character defamation. (*Id*. at ¶¶ 9 and 11). That action was removed to this Court and ultimately dismissed. *Jones v. United States*, Case No. 3:06-cv-00228, Doc. No. 31 (M.D. Tenn. Apr. 20, 2007). After Plaintiff sued Pittman, Pittman filed an EEOC Complaint stating that Plaintiff's actions were retaliation for her report of sexual harassment and asking that she not be required to work with him. (Doc. No. 106 at ¶¶ 13-14). The investigator of Pittman's second EEOC Complaint, apparently reopening the investigation of Pittman's first complaint, ultimately deemed the allegations against Plaintiff "credible by the totality of the evidence," and the allegation of inappropriate sexual conduct by the Plaintiff was sustained. (*Id*. at ¶ 17). Plaintiff disputes this finding as well. (*Id*.)

a response to the Rule 56.01 statement (Doc No. 106 and 106-1 through 106-25). Thereafter, the Magistrate Judge issued the Report and Recommendation, recommending therein that the Motion be granted. (Doc. No. 121).

## PLAINTIFF'S OBJECTIONS

Initially, the Court notes that Plaintiff attempts, in a footnote, to lodge a blanket objection to all parts of the Report and Recommendation and, relatedly, to incorporate into his Objections his brief in opposition to the Motion and his response (Doc. No. 106) to Defendant's Rule 56.01 statement. (Doc. No. 124 at 1, n.1). The Court understands why counsel might wish to try to cover his bases this way. But he is simply not allowed to do so; this kind of "catch-all" objection is not proper under the Federal Rules of Civil Procedure or the Local Rules of this Court. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a Report and Recommendation, and Local Rule 72.02(a) provides that "Such objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made."[2] Accordingly, Plaintiff's footnote 1 will be disregarded.

**Objection No. 1** - Plaintiff objects to the *sua sponte* dismissal of certain of his claims for failure to exhaust administrative remedies. Although Plaintiff does not so state, the Magistrate

---

[2] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiff has filed neither of these things.

3

Judge used the term "*sua sponte*" to refer to his dismissal on exhaustion grounds only of Plaintiff's race-based claims raised in NRCS 2006-00103. (Doc No. 121 at 15).[3]

Plaintiff does not dispute that a party must exhaust his administrative remedies before bringing them to federal court. Instead, he states that, because failure to exhaust is not a jurisdictional defense, the Court cannot dismiss a claim for this reason if the opposing party does not raise it. Here, however, the opposing party *did* raise failure to exhaust, both in his memorandum in support of the Motion and in his Reply. *See* Doc. No. 104 at 16-18 (arguing both abandonment of claims during the process and failure to exhaust); *see also* Doc. No. 112 at 1-2 (making the same argument).[4] The Court is inclined to admonish Plaintiff to take more care in order to avoid wasting the Court's time with arguments on the premises that are demonstrably false. On the other hand, the Court realizes that perhaps Plaintiff was misled by the Magistrate Judge's questionable reference to dismissing Plaintiff's race-based claims raised in NRCS 2006-00103 "*sua sponte*" for failure to exhaust.

Plaintiff also argues that, even though the Magistrate Judge states that Plaintiff failed to exhaust his race claim, he *did* raise the claim of race in his 2006 EEOC complaint, NRCS 2006-000103, as reflected by the administrative law judge's order setting those claims for a hearing. Plaintiff's statement is true. The Report and Recommendation does not say that Plaintiff did not

---

[3] The Magistrate Judge referred also to its dismissal of Plaintiff's race-based claims in NRCS 2008-0132 and NRCS 2008-00817 as "*sua sponte*," but the basis for his dismissal of these claims was not the failure to exhaust, but rather the skeletal nature of the allegations purportedly supporting them in the Second Amended Complaint and his failure to provide argument in opposition to summary judgment as to those claims. (Doc. No. 121 at 19, 23-24). The *sua sponte* dismissal of these claims is addressed below in connection with Objection No. 3.

[4] *Sheppard v. Univ. of Akron*, No. 5:18-cv-2223, 2019 WL 2437005, at *6 (N.D. Ohio June 11, 2019) and *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019).

4

raise a race-based claim in this EEOC Complaint; it says that he did not *exhaust administrative remedies* as to any such claim. (Doc. No. 121 at 15). In particular, it says that the EEOC Administrative Law Judge dismissed these race-based claims and that Plaintiff did not appeal such dismissal (as required for exhaustion). (*Id.* at 5-6 n. 10). What Plaintiff omits from his argument is the fact that these race-based claims were dismissed and not appealed. (Doc. No. 104-5 at 2-3). Because he failed to appeal, Plaintiff failed to exhaust those claims.

      Plaintiff also asserts here that:

> Additionally, the R&R resolves conflicts of fact in favor of Defendant, instead of in favor of Plaintiff, as required. Plaintiff is entitled to make all credibility assessments, resolve any ambiguities, and draw all inferences in his favor, not Defendants. (*Tolan v. Cotton*, — U.S. —, 134 S. Ct. 1861, 1863, 188 L.Ed.2d 895 (2014).

Doc. No. 124 at 3. But Plaintiff cites no authority for the proposition that "conflicts of fact"—or "issues of fact as to which the parties have different positions," which is something different and probably what he meant—must be resolved in his favor (as the non-movant).[5] This proposition is not accurate as thus stated. True, in deciding a motion for summary judgment, this Court must view the *evidence*, and draw all reasonable inferences on factual issues, in favor of the non-moving party. *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 591–92, 598 (6th Cir. 2001). The Sixth Circuit also has stated, to somewhat different effect (since "evidence" and "facts" are *not* the same thing), that this Court must view the *facts* and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.

---

[5] Throughout this entire discussion here, it is worth keeping in mind that "evidence" is what is used to prove the "facts," *i.e.,* what the events and circumstances actually were. It is also worth noting that "conflicting facts"—unlike "conflict evidence" or "conflicting positions regarding the facts"—is something of an oxymoron, since the "facts"—the truth about what happened under what circumstances—cannot be in conflict with themselves.

Ct. 1348, 89 L.Ed.2d 538 (1986). And it is also true that credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). And the impropriety is most pronounced, it is true, when such judgments and weighing go against the non-movant.

But none of this is to say that the Court must resolve "conflicts of fact" (or conflicts in positions regarding the facts) in favor of the non-movant. Instead, even after viewing the evidence (and/or facts) in favor of the non-movant and drawing all reasonable inferences in favor of the non-movant, the Court may find that the facts are in favor of the movant—*i.e.,* may resolve the facts in favor of the movant. *B&P Littleford, LLC v. Prescott Mach., LLC*, 417 F. Supp. 3d 844, 850 (E.D. Mich. 2019) ("The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). In short, the Magistrate Judge did not err in allegedly violating his purported obligation to resolve "conflicts of fact" in Plaintiff's favor, because there was no such obligation. Issues of fact should not necessarily be resolved in favor of the non-movant. Instead, depending on the record, issues of fact should be resolved in favor of the movant (and against the non-movant),[6] and Plaintiff fails to explain why they should be resolved in his favor. Among other things, he fails to point to any specific issues of fact and how they were improperly resolved against him and in favor of Defendant.

---

[6] When then Court refers here to resolving *an issue of fact* in favor of the movant, it means resolving in the movant's favor *the question of whether there exists a genuine regarding that fact;* at the summary judgment stage, a district court generally does not need to resolve "issues of fact" any more specifically than that, as for example by making particular findings as to what exactly "the facts" are.

6

Plaintiff's first objection is overruled.

**Objection No. 2** – Plaintiff argues that the Magistrate Judge's analysis of his reprisal claim is incorrect. Plaintiff's objection on this point is well-taken. The Magistrate Judge analyzed Plaintiff's reprisal claim as if it were a third-party reprisal claim; that is, a claim that a plaintiff was retaliated against because of the protected activity *of a third party*, someone with whom the plaintiff had a known connection, not because of his own protected activity.[7] The Magistrate Judge cited *Thompson v. North Am. Stainless (NAS), LP*, 562 U.S. 170 (2011), in which the Court stated that "a reasonable worker [the third party] might be dissuaded from engaging in protected activity if she knew that her fiancé [the plaintiff bringing the reprisal claim] would be fired." *Id*. at 174.

But Plaintiff has not filed a "third-party reprisal" claim. As he states elsewhere in his Objections, "Plaintiff made a claim of reprisal based on his own experience of Agency actions directed toward him that would reasonably deter an employee from engaging in a protected activity." (Doc. No. 124 at 6). Even though his Amended Complaint, filed *pro se*, calls his first cause of action "reprisal," there is nothing in his allegations or his arguments to indicate he intended anything other than a retaliation claim. It is Plaintiff's protected activity, not someone else's, that forms the basis for this retaliation claim. The Magistrate Judge's analysis of a third-party reprisal claim is inapposite. Plaintiff's second objection is well-taken. Plaintiff's retaliation

---

[7] The Report and Recommendation states, for example, that "Pittman would not have been deterred from filing her EEO complaint had she known that plaintiff would be reassigned to the Nashville office and a second investigation conducted into her September 2005 complaint against plaintiff." (Doc. No. 121 at 17). It does not matter in this case whether Pittman would have been deterred from anything; it is *Plaintiff's* EEOC activity that is relevant.

claim should not be analyzed as a third-party reprisal claim. Rather, it should be, and is, reviewed under the standard for retaliation claims, as discussed below.

**Objection No. 3** – This objection relates solely to Plaintiff's claims that had originally been raised in EEOC Complaint NRCS 2008-00132. (Doc. No. 124 at 4). Plaintiff first objects to the *sua sponte* dismissal of these claims. But Plaintiff nowhere states what is erroneous about such *sua sponte* dismissal. Notably, as stated in a footnote above, the *sua sponte* dismissal of these claims was *not* based on failure to exhaust[8]—which is the only basis for *sua sponte* dismissal Plaintiff even discussed in Objection 1—but rather on the barebones nature of such claims (as set forth in the Second Amended Complaint) and his failure to provide argument in opposition to summary judgment as to those claims. Plaintiff provides no authority or argument for the proposition that dismissal of these claims on this basis was erroneous, and the Court does not see why it was erroneous. Objection No. 3 therefore is overruled in this regard.

Plaintiff also objects to the Magistrate Judge's findings regarding these claims. Specifically, Plaintiff challenges the Magistrate Judge's decision to be unpersuaded by the conflicting facts raised by Plaintiff, due to what the Magistrate Judge characterized as the "conclusory, speculative and unsubstantiated nature of plaintiff's response to the motion for summary judgment." The specific language Plaintiff quotes comes from the Magistrate Judge's analysis of Plaintiff's claim of racial-discrimination-based claims, not his retaliation (or "reprisal") claim. (Doc. No. 121 at 19). The race discrimination claim in Plaintiff's Amended Complaint (Second Cause of Action) is based upon the allegation that Defendant required Plaintiff to have a Bachelor of Science degree in geography to continue working in his GIS position and did not make

---

[8] As the Magistrate Judge put it, "[P]laintiff exhausted his race-based claims raised in NRCS 2008-00312." (Doc. No. 121 at 18).

8

that requirement of two Caucasian employees. (Doc. No. 51 at 17). In his Objection, Plaintiff has not cited the Court to anything that supports that claim. Nor has Plaintiff provided any support for the conclusory assertions he relies on here: that the Magistrate Judge's analysis overlook[ed] the conflicting facts set out in Plaintiff's prior filings including in [Doc No. 106 and its 25 attachments] and misapplie[d] the legal analysis standard discussed below [in Objection No. 4]." (Doc No. 124 at 4). He fails to identify the "conflicting facts" (or conflicting "evidence," for that matter) that supposedly were overlooked; he fails to direct the Court to any particular fact or exhibit. Still less does Plaintiff explain how such alleged overlooking resulted in a legally erroneous conclusion. Again, the objections of the Plaintiff must be *specific* and supported by sufficient documentation to apprise the Court of the basis for the objections. Local Rule 72.02(a). Here, they simply are not. Likewise, Plaintiff fails to explain how the Magistrate Judge "misapplied" the legal standard. And the Court is not required to search the record to identify or support Plaintiff's particular arguments or allegations of fact.[9]

This objection is overruled.

**Objection No. 4** – Plaintiff contends that the Magistrate Judge applied an overly burdensome *prima facie* standard and did not consider the evidence in the light most favorable to the Plaintiff. But in this broad objection Plaintiff does not identify which *prima facie* standard he considers to have been misapplied, how he believes it was misapplied (beyond the overly simplistic notion that the standard generally was applied too strictly to him), or which evidence he believes the Magistrate Judge failed to consider in the light most favorable to him. As noted above,

---

[9] The Court will not "'*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party.'" *Olmstead v. Fentress Cty., TN*, No. 2:16-cv-00046, 2019 WL 1556657, at *13 (M.D. Tenn. Apr. 10, 2019) (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992)).

9

objections to Reports and Recommendations must be specific and must set forth, with particularity, those portions of the Report and Recommendation to which objection is made. The Court cannot identify the subject of this objection and, therefore, the objection is over-ruled.

**Objection No. 5** – Plaintiff objects to the analysis the Magistrate Judge applied concerning what a reasonable juror would or would not do. The specific language challenged by Plaintiff is as follows: "Given the evidence, any reasonable juror would find that plaintiff failed to make a *prima facie* showing of retaliation." (Doc. No. 121 at 21). The Court finds that this objection is not persuasive.

The standard for summary judgment states that a genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018). If a reasonable jury could find in favor of the nonmoving party, then summary judgment is not appropriate; but if no reasonable jury could find in favor of the nonmoving party, then summary judgment is appropriate. *Line v. Portage Cty. Bd. of Comm'rs,* 5 F. Supp. 3d 902, 9212 (N.D. Ohio 2014) ("summary judgment is warranted if, in light of the evidence viewed in the light most favorable to the plaintiff, no reasonable juror could fail to return a verdict for the defendant."). If a reasonable jury could not find that the nonmoving party is entitled to a verdict, then there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). These propositions are not inconsistent with the proposition implied by the Magistrate Judge, *i.e.*, that summary judgment is appropriate if no reasonable juror could find for the non-movant.

And whatever verbal formulation was used by the Magistrate Judge, his ultimate decision on the pertinent issue was both supported and correct. He found that the length of time Plaintiff

10

was temporarily assigned to the Nashville office was not retaliatory; rather, it was based on the length of time the EEOC was considering what could be called "cross-complaints" of Pittman and Plaintiff. Thus, the length of time, though related to his filing, was not *in retaliation* for his filing. Plaintiff admitted, in response to the Motion, that he was temporarily reassigned, "pending the investigation." (Doc. No. 107 at 12). Plaintiff has not presented sufficient supporting evidence whereby a reasonable juror could find that the accommodations he requested were reasonably necessary under the ADA.[10]

Plaintiff's Objection No. 5 is overruled.

**Objection No. 6** – Plaintiff argues that the Magistrate Judge also misapplied the standard for a "materially adverse employment action" for purposes of his retaliation claim.

The elements of a retaliation claim are similar but distinct from those of a discrimination claim, and the Magistrate Judge did not make that distinction. He found that Plaintiff did not suffer an adverse employment action for purposes of his race discrimination claim (Doc. No. 121 at 27-29) and then concluded that, *for the same reasons*, Plaintiff was not subjected to a materially adverse action for purposes of his retaliation claim as well. (*Id*. at 29). This conclusion is based on an incorrect assumption.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show, by a preponderance of the evidence: (1) he engaged in protected activity; (2) his exercise of such

---

[10] Moreover, as the Magistrate Judge found, the evidence shows that two of these three accommodations *were* provided, albeit not exactly as Plaintiff desired. Plaintiff's request for a cubicle with a window was granted when one became available, and Defendant offered to purchase a less expensive noise-cancelling headset for him, but Plaintiff did not accept that offer. (Doc. No. 121 at 25).

protected activity was known by the defendant; (3) thereafter, the defendant took an action that was "materially adverse" to the plaintiff; and (4) there was a causal connection between the protected activity and the materially adverse action. *Hasting v. First Cmty. Mortg.*, No. 3:17-cv-00989, 2019 WL 3456998, at *8 (M.D. Tenn. July 31, 2019). To demonstrate the third requirement, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in the Title VII *retaliation* context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Id*. This requirement is different, and less onerous, than the requirement for showing a materially adverse action in the Title VII *discrimination* context. *See Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 569–70 (6th Cir. 2019)*; Queen v. City of Bowling Green, Ky*, 956 F.3d 893, 903 (6th Cir. 2020). In particular, the anti-retaliation provision of Title VII, unlike the anti-discrimination provision, is not limited to discriminatory actions that affect the terms and conditions of employment. *Rogers v. Henry Ford Health Syst.*, 897 F.3d 763, 775-76 (6th Cir. 2018).[11]

The Magistrate Judge cites to the Sixth Circuit's decision in *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789 (6th Cir. 2004) to state that an adverse employment action is "a materially adverse change in the terms of [a person's] employment." (Doc. No. 121 at 27). The Sixth Circuit's

---

[11] The Supreme Court made clear in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), that the requirements for a retaliation claim are in fact considerably less stringent than the requirements for a discrimination claim. *Burlington,* 48 U.S. 53, 59–69. It concluded that "Title VII's substantive [antidiscrimination] provision and its antiretaliation provision are not coterminous." *Id.* at 67. A plaintiff alleging discrimination has to show conduct that "affect[s] the terms and conditions of employment." *Id.* at 64. But a plaintiff seeking Title VII's protection against retaliation need show only "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68; *Queen*, 956 F.3d at 903.

12

view expressed in the *White* opinion concerning this issue *as it applies to a retaliation claim* was explicitly rejected by the Supreme Court on direct review of that very opinion.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). The Sixth Circuit itself has expressly recognized this rejection:

> Although we had previously held that the same requirements apply to Title VII retaliation claims and Title VII discrimination claims, the Supreme Court made clear in Burlington Northern that the requirements for a retaliation claim are in fact considerably less stringent. *See* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59–69, 126 S. Ct. 2405, 165 L.Ed.2d 345 (2006) (rejecting the Sixth Circuit's contrary view).

*Hubbell*, 933 F.3d at 569. Therefore, the Magistrate Judge used an incorrect standard in analyzing whether Plaintiff suffered a "materially adverse" employment action for purposes of his retaliation claim. The issue is whether the challenged action might have dissuaded a reasonable worker from making or supporting a charge of discrimination. The standard is less onerous than that applied by the Magistrate Judge.

The Court must determine, therefore, whether this mistake results in a different outcome; that is, whether Defendant has carried his burden to show no genuine issue of material fact as to this element of the particular retaliation claim at issue.  The Magistrate Judge applied this incorrect standard in connection with NRCS-2009-00210, filed by Plaintiff on February 20, 2009. (Doc. No. 121 at 11 and 29). The issue was whether Defendant retaliated against Plaintiff for prior EEO activity when management replaced and reassigned him, on October 26, 2008, from his position of Geographical Information System Specialist ("GIS") GS-0457-09 in the Murfreesboro Field Office to a position of Soil Conservationist GS-0457-09 in the Tennessee State Office in Nashville. (Doc. No. 51-2 at 2). Defendant has shown that this new title and these new duties did not involve a change in grade or pay for Plaintiff.

13

Plaintiff argues that although this reassignment did not involve a change in grade or pay, it was essentially a demotion with different, lesser job duties. (Doc. No. 107 at 16). Assuming for purposes of this Motion that this reassignment was "materially adverse" as that term is properly construed in the Title VII retaliation context—*i.e.,* that it might have dissuaded a reasonable worker from making or supporting a charge of discrimination—Plaintiff still must show a causal connection between his protected activity and the materially adverse action. It is undisputed that at the time of his permanent reassignment (October 26, 2008), Plaintiff had initiated numerous EEOC complaints against Defendant, including one on August 23, 2008.[12] As noted above, the reassignment was made permanent when the EEOC issued a Final Agency Decision concerning the complaints of Plaintiff and Pittman. Based on the temporal proximity of Plaintiff's EEOC activity and his reassignment, the Court will assume, for purposes of this Motion, that Plaintiff has shown a causal connection between his EEOC activity and his reassignment.

If a plaintiff satisfies the elements of his *prima facie* case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment decision. *Wyatt v. Nissan N. Am., Inc.,* No. 3:17-cv-1545, 2019 WL 6682197, at *8 (M.D. Tenn. Dec. 6, 2019). If the employer provides such a reason, the burden shifts back to the plaintiff to show that the legitimate reason offered by the employer was not its true reason but rather was pretext for unlawful retaliation. *Id.* Thus, here, the burden shifts to Defendant to articulate a legitimate, non-retaliatory reason for its decision to permanently reassign Plaintiff to the position of Soil

---

[12] It is also undisputed that Plaintiff was temporarily reassigned to the Nashville office in April of 2006 (Doc. No. 106 at ¶ 19) and that, after being notified of his temporary reassignment, Plaintiff immediately amended his February 2, 2006 EEOC Complaint (NRCS-2006-00103) to add a retaliation claim based upon this temporary reassignment. (*Id.* at ¶ 20).

14

Conservationist at the Nashville office. Defendant has articulated those reasons as: (1) the need to separate Plaintiff and Pittman, the two employees involved in the allegations of harassment and sexual misconduct, given their history and the results of the second investigation into those allegations (Doc. No. 112 at 6; Doc. No. 106 at ¶¶ 47-48);[13] (2) Defendant's need to have Plaintiff at the Nashville office (*Id*.); and (3) the arrival of a new server, data management duties, and providing better assistance to clients. (*Id*. at ¶ 49). The Court finds that Defendant has sufficiently articulated a legitimate, non-discriminatory reason for permanently reassigning Plaintiff to the Soil Conservationist position in Nashville.

Therefore, the burden shifts to Plaintiff to show that Defendant's articulated reasons were pretext for retaliation. He may establish pretext by showing that the proffered reason had no basis in fact, did not motivate the termination, or was insufficient to warrant the termination. *Marshall v. The Rawlings Co., LLC*, 854 F.3d 368, 379 (6th Cir. 2017).

Nowhere in Plaintiff's Amended Complaint, Response to the Motion, or Objections does Plaintiff mention pretext. Plaintiff does not suggest in his Objections that the Magistrate Judge should have found that Defendant's asserted nondiscriminatory reasons for reassigning him to the Nashville Office were pretextual. He has not shown that those reasons had no basis in fact, did not actually motivate the decision, or were insufficient to warrant the reassignment. "Simply put, there is no genuine issue of material fact as to pretext." *Grosjean v. First Energy Corp.*, 196 F. Supp. 2d 522, 529 (N.D. Ohio 2002).

---

[13] Transfers intended to respond to and resolve an employee's problems with another employee do not constitute adverse employment action within the meaning of Title VII. *Hawkins v. Maury Cty. Bd. of Educ.*, No. 1:12-cv-00184, 2015 WL 4546783, at *11 (M.D. Tenn. July 27, 2015) (citing *Blackburn v. Shelby Cty.,* 770 F. Supp. 2d 896, 923 (W.D.Tenn.2011)).

The Court finds that Plaintiff's Objection 6 is well-taken, but it does not change the result. Even using the correct standard for "materially adverse" in the context of a retaliation claims, rather than the incorrect standard used by the Magistrate Judge, such claim fails here due to the lack of genuine issue as to pretext.

<u>**CONCLUSION**</u>

For the reasons stated herein, Plaintiff's Objections are sustained in part and overruled in part. Therefore, the Report and the Recommendation of the Magistrate Judge is adopted and approved in part and rejected in part. However, for the reasons stated in the Report and Recommendation as modified herein, Defendant's Motion for Summary Judgment (Doc. No. 98) is **GRANTED**, and this action is **DISMISSED.** The Clerk is directed to close the file. This Order shall constitute the final judgment for purposes of Fed. R. Civ. P . 58.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE